| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF Charleston ) | |
| ) | |
| Carolina Auto Remarketing Services, LLC, et al., ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** ) | |
| vs. ) | 2017-CP – 10 - 0832 |
| ) | |
| Zurich Ins. Co., et al. ) | |
| **Defendant(s)** ) | |

Submitted By: G. Hamlin O'Kelley, III,  
Buist Byars & Taylor, LLC  
Address: 652 Coleman Boulevard, Suite 200  
Mt. Pleasant, SC 29464  

SC Bar #:      15491  
Telephone #:   843-856-4488  
Fax #:         843-856-0613  
Other:  
E-mail:        hamlin.okelley@buistbyars.com  

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

- [ ] **JURY TRIAL** demanded in complaint.      X **NON-JURY TRIAL** demanded in complaint.
- [ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- X This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

FILED 2017 FEB 17 PM 1:39 JULIE J. ARMSTRONG CLERK OF COURT

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| X Breach of Contract (140) | 20____-NI-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☒ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: /s/ Hamlin O'Kelley      Date: Jan. 31, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

{00635278.DOC}SCCA / 234 (10/2014)                                                Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | CASE NO. 2017-CP-10-0833 |
| ) | |
| Carolina Auto Remarketing Services, LLC, ) and Douglas Camburn, ) | **SUMMONS** |
| ) | |
| Plaintiffs, ) | (Bad Faith Claims Handing and Bad Faith Denial of Claims/Breach of Contract) |
| vs. ) | |
| ) | (Non-Jury Matter) |
| Zurich Insurance Group and Universal Underwriters Insurance Company, ) | |
| ) | |
| Defendants. ) | |

TO:   THE ABOVE-NAMED DEFENDANTS

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is herewith served upon you, and to serve a copy of your Answer upon the undersigned attorneys at 652 Coleman Boulevard, Suite 200, Mt. Pleasant, South Carolina 29464, within thirty (30) days from service hereof, exclusive of the day of such service; and, if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you, and the Plaintiffs in this action will apply to the Court for the relief demanded

Mt. Pleasant, South Carolina
January 31, 2017

G. Hamlin O'Kelley, III
Buist, Byars & Taylor, LLC
652 Coleman Blvd., Suite 200
Mt. Pleasant, South Carolina 29464
(843) 856-4488
Hamlin.okelley@buistbyars.com

*Attorneys for the Plaintiffs*

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | CASE NO. 2017-CP-10-0832 |
| ) | |
| Carolina Auto Remarketing Services, LLC, ) and Douglas Camburn, ) | **COMPLAINT** |
| ) | |
| Plaintiffs, ) | **(Bad Faith Claims Handing and Bad Faith Denial of Claims/Breach of Contract)** |
| vs. ) | |
| ) | (Non-Jury Matter) |
| Zurich Insurance Group and Universal ) Underwriters Insurance Company, ) | |
| ) | |
| Defendants. ) | |

FILED 2017 FEB 17 PM 1:39 JULIE J. ARMSTRONG CLERK OF COURT

*TO:  THE ABOVE-NAMED DEFENDANTS*

The Plaintiff, Carolina Auto Remarketing Services, LLC and Douglas R. Camburn (hereinafter the "Plaintiffs"), as and for their Complaint against the Defendants Zurich Insurance Group and Universal Underwriters Insurance Company (hereinafter the "Defendants"), allege and state as follows:

1. The Plaintiff, Carolina Auto Remarketing Services, LLC, is a limited liability company organized and existing under the laws of the State of South Carolina operating in Charleston County, South Carolina, and is a named insured under the terms of that Universal Underwriters Insurance Company Policy Number 323238;

2. The Plaintiff Douglas R. Camburn is a resident of Charleston County and is a named insured under the terms of that Universal Underwriters Insurance Company Policy Number 323238.

3. The Defendant Universal Underwrites Insurance Company is an insurance company organized and existing under the laws of the State of Illinois which issued its insurance policy to

1

the Plaintiffs under the terms of that that Universal Underwriters Insurance Company Policy Number 323238.

4.     The Defendant Zurich Insurance Group is an insurance company organized and existing pursuant to the laws of Switzerland which also issued its insurance policy to the Plaintiffs under the terms of that that Universal Underwriters Insurance Company Policy Number 323238.

5.     The acts complained of by the Plaintiffs took place in Charleston County and venue and jurisdiction are properly before this Court.

6.     On June 14, 2013, the Defendants issued their Universal Underwriters Insurance Company Policy Number 323238 (the "Policy") which Policy is more commonly known as an Auto Dealers' Policy.

7.     The Plaintiffs were wholesalers of automobiles engaged in selling automobiles to retail dealers who would then sell the automobiles to third party customers.

8.     While engaged in the sale of automobiles, the Plaintiffs discovered that they had become the victims of fraud, theft, and dishonesty by Best Friends Enterprises, LLC, Best Friends Auto Sales, Friendly Deals Auto Sales, Bates Family Enterprises, LLC, Genfriend, LLC, Beverly J. Bates and Sean C. Bates (collectively the "Bates and Bates' entities").

9.     The Plaintiffs had entered into an agreement to sell automobiles to the Bates and Bates' entities as part of a business arrangement by and between the Plaintiffs and the Bates and Bates' entities wherein the Plaintiffs would supply automobiles to the Bates and Bates' entities, while the Plaintiffs would retain title to the automobiles to ensure payments from the Bates and Bates' entities with title ultimately being transferred to a third-party consumer at the time the Bates and Bates' entities sold the automobile to the third-party consumer.

2

10.     Between December 3, 2013, and February 19, 2015, the Bates and Bates' entities engaged in multiple acts of fraud and automobile theft, inducing Plaintiffs to part with possession of the vehicles and the vehicle titles that ultimately led to loss and damage to the Plaintiffs, with neither the Bates nor the Bates' entities paying for the vehicles that were ultimately sold to third-party consumers.

11.     The following vehicles were stolen from Plaintiffs by the Bates and Bates' entities:

| Year | Make / Model | VIN/HIN | Value |
| --- | --- | --- | --- |
| 2004 | Lexus ES330 | JTHBA30G345001915 | 9300.00 |
| 2009 | Saturn Aura | 1G8ZV57B19F141130 | 8000.00 |
| 2010 | Chevrolet Impala | 2G1WB5eK1A1227546 | 8200.00 |
| 2008 | Kia Sedona | KNDMB233386254114 | 8500.00 |
| 2010 | Ford Fusion | 3FAHOJG7AR300622 | 9500.00 |
| 2011 | Ford Taurus | 1FAHP2DW4BG166045 | 11600.00 |
| 2006 | Ford F150 | 1FTPW12V06KC88272 | 12600.00 |
| 2005 | Dodge Magnum | 2D4GV58215H120186 | 8900.00 |
| 2007 | Chevrolet Impala | 2G1WD58C279120210 | 10000.00 |
| 2006 | Chevrolet Avalanche | 3GNEC12Z26G125933 | 8500.00 |
| 2005 | Mercedes Benz | WDBRF40J85F712684 | 9300.00 |
| 2001 | Land Rover Discover | SALTL124X1A293842 | 5500.00 |
| 2005 | Ford Expedition | 1FMPU155X5LA90191 | 6800.00 |
| 2006 | Cadillac Escalade | 1GYEC63N16R147692 | 12500.00 |
| 2006 | Toyota Avalon | 4T1BK36B56U096783 | 9500.00 |
| 2006 | Chevrolet Impala | 2G1WC581369310341 | 5500.00 |
| 2004 | Chevrolet Avalanche | 3GNEK12T94G209632 | 8500.00 |
| 2004 | Lexus GS300 | JT8BD69S940192558 | 8000.00 |
| 2010 | Chevrolet Impala | 2G1WB5EK4A1199922 | 8100.00 |
| 2003 | Toyota Camry | 4T1BF30K53U550068 | 7000.00 |
| 2008 | Chevrolet Impala | 2G1WT58K181235696 | 6950.00 |
| 2004 | Chevrolet Silverado | 2GCEK19T641164110 | 8500.00 |
| 2007 | Chevrolet Impala | 2G1WU58R779284783 | 8500.00 |
| 2006 | BMW 650I | WBAEK13436CN75993 | 5300.00 |
| 2006 | Ford Taurus | 1FAFP56U36A248989 | 16500.00 |
| 2007 | Chevrolet Trailblazer | 1GNDS13S172111189 | 6000.00 |
| 2009 | Ford Fusion | 3FAHPO7Z89R135801 | 8500.00 |
| 2007 | Saturn Aura | 1G8ZR57587F268470 | 8500.00 |
| 2010 | Chevrolet Impala | 2G1WB5EK1A1218409 | 8000.00 |
| 2010 | Chevrolet Impala | 2G1WB5EN5A1247311 | 9900.00 |
| 2010 | Dodge Journey | 3D4PG1FG5BT526086 | 9500.00 |
| 2007 | Chevrolet Impala | 2G1WT58N879114433 | 7900.00 |
| 2012 | Ford Focus | 1FAHP3E24CL323096 | 9300.00 |
| 2010 | Toyota Corolla | JTDBU4EE2AJ059054 | 8600.00 |
| 2008 | Chevrolet Impala | 2G1WB58K081267526 | 7900.00 |

3

| Year | Make / Model | VIN/HIN | Value |
|------|--------------|---------|-------|
| 2008 | Chevrolet Impala | 2G1WT58K089273311 | 10000.00 |
| 2001 | Chevrolet Suburban | 3GNEC16T31G214215 | 5500.00 |
| 2010 | Ford Fusion | | 9400.00 |
| 2003 | Dodge Dakota | | 6500.00 |
| 2005 | Toyota Avalon | 4T1BK36B95U010339 | 10220.00 |
| | **Total Value** | | **355,370.00** |

12. The Bates and Bates' entities sold the subject vehicles without Plaintiffs' permission and out of trust, causing damage to the Plaintiffs.

13. The Bates and Bates' entities sold automobiles to third parties without paying the Plaintiffs or by paying the Plaintiffs with checks drawn on accounts with insufficient funds.

14. The Plaintiffs suffered damages in the amount of Three Hundred Fifty Five Thousand Three Hundred Seventy ($355,370.00) Dollars as a direct and proximate result of the acts and omissions of the Bates and Bates' entities.

15. As a result of the acts and omissions of the Bates and Bates' entities, the Plaintiffs sued the Bates and Bates' entities in that case captioned *Carolina Auto Remarketing Services, LLC v. Best Friends Enterprises, LLC*, Case No. 2015-CP-08-1561, filed in the Court of Common Pleas for Berkeley County.

16. On May 19, 2016, the Honorable Dale Van Slambrook entered his judgment against Best Friends Enterprises, LLC, Best Friends Auto Sales, Friendly Deals Auto Sales, Bates Family Enterprises, LLC, Genfriend, LLC, and Beverly J. Bates in the amount of One Million Seventy Eight Thousand Thee Hundred Sixty Six and 28/100 ($1,078,366.28) Dollars for actual damages, reasonable attorneys' fees and costs, and treble damages as provided for in the South Carolina Unfair Trade Practices Act, S.C. Code §39-4-140, *et seq.*.

17. On August 29, 2016, the Honorable Dale Van Slambrook issued his judgment against Sean C. Bates in the amount of One Million Seventy Eight Thousand Thee Hundred Sixty Six and

4

28/100 ($1,078,366.28) Dollars for actual damages, reasonable attorneys' fees and costs, and treble damages as provided for in the South Carolina Unfair Trade Practices Act, S.C. Code §39-4-140, *et seq.*

18. These judgments were served upon the Bates and the Bates' entities and were never appealed.

19. While pursuing judgments against the Bates and Bates' entities, the Plaintiffs and their counsel made claims under the Universal Underwriters Insurance Company Policy Number 323238 for the multiple thefts of the automobiles.

20. In 2014, counsel contacted Ms. Jessica Dominguez at Zurich to put the Defendants on notice of the mulitple losses under the Universal Underwriters Insurance Company Policy Number 323238, to which Zurich assigned a Claim Number 1100052896.

21. The claims were under investigation by Ms. Dominguez at that time.

22. The claims were transferred to Ms. Jennifer Ward at Zurich.

23. In 2015, counsel contacted Ms. Ward and provided extensive documentation regarding the theft, including the year, make/model, and value of the automobiles described herein.

24. Counsel also provided documentation to Zurich regarding the criminal investigation of this matter, with the Federal Bureau of Investigation and the South Carolina Law Enforcement Division.

25. Counsel asked for Zurich to accept liability for the claims as of June 12, 2015.

26. Not having received a reply from the Defendants, the Plaintiffs were forced to file suit against the Bates and Bates' entities on July 2, 2015, in order to protect their interests.

27. Prior to filing suit, the Plaintiffs were in direct contact with Mr. Man Christian at Zurich who let the Plaintiffs know that the claims of the type submitted were covered under the Policy.

5

28. Mr. Christian provided information that this type of claim would be covered as criminal deception on the part of Bates and the Bates' entities.

29. Mr. Christian advised that there would be insurance coverage for the value of the automobiles, less any deductibles.

30. On September 19, 2016, after all the judgments against the Bates and Bates' entities were entered, the judgments were sent to Ms. Dominguez at Zurich.

31. Ms. Ward contacted counsel after receipt of the judgments to advise that there would only be coverage for Fifty Thousand and No/100 ($50,000.00) for the total claims.

32. Counsel never heard again from Ms. Ward.

33. On October 20, 2016, counsel once again contacted Ms. Dominguez and asked for a status review within ten (10) days of his letter.

34. No response has been received by counsel or the Plaintiffs from the Defendants.

35. The Plaintiffs' Ownership Interest are covered under the terms of the Policy.

36. The Policy provides the following language:

> WE will pay for LOSS of or to a COVERED AUTO or COVERED WATERCRAFT located within the policy territory at the time of LOSS, from any cause, except as stated otherwise in the declarations or excluded, including sums an INSURED legally must pay as damages as a result of LOSS to a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT.

(Policy, *Insuring Agreement.*)

37. The automobiles that were stolen by the Bates and Bates' entities are "Covered Autos" under the terms of the Policy. "Covered Auto" means, among other things, any type of land motor vehicle owned or acquired by the insured or in the insured's care, custody or control. (Policy, *Definitions*, A. and D).

6

38.     The Policy covers "Extended Theft" as defined as follows:

    I.     "EXTENDED THEFT" means:

        1. YOUR voluntarily parting with evidence of title to or possession of a COVERED AUTO or COVERED WATERCRAFT when induced by:
          a. a forged or counterfeit instrument received in payment.
          b. a check or other instrument written on a closed account.
          c. any document related to a purchase, rental, or lease transaction on which the name, social security number or signature of the purchaser, rentee, or lessee is false or forged.
          d. any other criminal scheme, criminal trick, or criminal device which induces YOU, at that time, to part with evidence of title to or possession of the COVERED AUTO or COVERED WATERCRAFT.

(Policy, *Definitions*, I).

39.     The acts and omissions of the Bates and Bates' entities constitute multiple losses for each Covered Auto.

40.     There are no applicable exclusions under the Policy for the automobiles stolen by the Bates and Bates' entities.

41.     Zurich advised that such acts and omissions complained of by the Bates and Bates' entities constitute separate losses for which there would be coverage of up to Fifty Thousand and No/100 ($50,000.00) Dollars per Covered Auto.

42.     The Policy also provides coverage for Employee Dishonesty as part of its Crime coverage.

43.     That portion of the Insuring Agreement provides coverage for the loss of money, securities, and other property resulting from Theft or Forgery.

44.     The Defendants were paid in full for the coverages provided by the Policy.

45.     The Plaintiffs have met all conditions necessary to bestow the full benefits of the Policy for Extended Theft for each of the Covered Autos.

46.     The Plaintiffs have not received any information from the Defendants regarding the payment of their losses other than one (1) telephone call from Ms. Ward.

47. There have been no other communications from the Defendants since that time.

48. The Plaintiffs asked the Defendants to respond in ten (10) days on October 20, 2016, after sending the September 19, 2016, correspondence.

49. More than ninety (90) days have passed since that September 19, 2016, correspondence.

50. The Defendants have failed to respond to the claim or to provide information regarding its status.

## FOR A FIRST CAUSE OF ACTION
### (Bad Faith Claims Handling and Bad Faith Denial of Claims)

51. The Plaintiffs repeat and reallege Paragraphs 1 through 50 above as though repeated herein verbatim.

52. The Defendants sold and provided that Universal Underwriters Insurance Company Policy Number 323238 providing insurance coverage to the Plaintiffs.

53. The Defendants paid all premiums due for the Policy.

54. As set forth above, the Policy provided coverage for Extended Theft for Covered Autos.

55. The Defendants have had Claim Number 1100052896 pending with the Defendants who have failed to timely adjust the claim and provide the coverage paid for by the Plaintiffs.

56. The Defendants owed and owe the Plaintiffs a duty to timely adjust, consider, and evaluate the Plaintiffs' claim for Extended Theft for Covered Autos.

57. The Defendants' representatives have advised that the Covered Autos are insured for Extended Theft and each separate automobile constitutes a loss which is covered by the Policy.

58. The Defendants have failed to exercise their duty of good faith in at least one of the following particulars:

    a. By failing and refusing to make an adequate investigation into the claim;

8

  b. By failing and refusing to pay the losses due;

  c. By giving a wrongful interpretation of the Policy by considering the acts and omissions of the Bates and Bates' enterprises to constitute one loss;

  d. By failing to provide any justifiable basis for not paying the full loss of the Plaintiffs' claim in a timely manner;

  e. By failing to act reasonably and in good faith under the terms and conditions of the Policy; and

  f. By effectively denying the Plaintiffs' claims.

59. As a direct and proximate result of this bad faith, negligence, malice, conscious, persistent, unreasonable, unconscionable, willful and reckless disregard of the Plaintiffs' rights, the Plaintiffs have suffered actual damages for not being made whole under the terms and conditions of the Extended Theft provisions of the Policy and has had to hire counsel to protect their rights.

60. The Defendants have acted in bad faith and in willful, reckless and unconscionable disregard of the Plaintiffs' rights so as to warrant the assessment of punitive damages and attorneys' fees as provided in S.C. Code Ann. §38-59-40, *et seq.*, and under South Carolina's common law.

61. As a direct and proximate result of the allegations set forth herein, the Plaintiffs are entitled to judgment against the Defendant for actual damages up to $50,000.00 for each vehicle under the terms of the Policy, as well as for actual damages, punitive damages and attorneys' fees as provided in S.C. Code Ann. §38-59-40, *et seq.*, prejudgment interest for a sum certain, and for any and all such further relief as this Court may deem just and proper.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

62. The Plaintiffs repeat and reallege Paragraphs 1 through 61 above as though repeated herein verbatim.

63. The Plaintiffs had a valid insurance Policy with the Defendants which contained therein specific terms and conditions as well as the covenant of good faith and fair dealing.

64. The Defendants breached that contract in the form of the Policy by refusing to honor the terms and conditions of the Policy and by further refusing to respond to or engage with the Plaintiffs in the adjusting of their claims arising out of the theft of the vehicles as more fully described above.

65. This breach was without legal excuse.

66. As a direct and proximate result of the breach, the Plaintiffs have suffered actual damages by being deprived of the benefit of their bargain paid for by them in obtaining the Policy, and they have been forced to hire counsel to institute this litigation.

67. As direct and proximate result of the allegations set forth herein, the Plaintiffs are entitled to judgment against the Defendant for actual damages up to $50,000.00 for each vehicle under the terms of the Policy, prejudgment interest for a sum certain, and for any and all such further relief as this Court may deem just and proper.

WHEREFORE, having fully set forth their Complaint, the Plaintiffs pray that this Court enter its Order and Judgment as follows:

1. Awarding the Plaintiffs actual damages in actual damages up to $50,000.00 for each vehicle under the terms of the Policy;

2. Awarding the Plaintiffs punitive damages and attorneys' fees as provided in S.C. Code Ann. §38-59-40, *et seq.*;

3. Awarding the Plaintiffs prejudgment interest for a sum certain; and

4. Awarding any and all such further relief as this Court may deem just and proper.

Mt. Pleasant, South Carolina
January  31 , 2017

G. Hamlin O'Kelley, III
Buist, Byars & Taylor, LLC
652 Coleman Blvd., Suite 200
Mt. Pleasant, South Carolina 29464
(843) 856-4488
Hamlin.okelley@buistbyars.com

*Attorneys for the Plaintiffs*

11



**BUIST BYARS & TAYLOR LLC**
ATTORNEYS AT LAW

652 Coleman Blvd., Suite 200
Mount Pleasant, SC 29464
T 843.856.4488  F 843.856.0613  W buistbyars.com

January 31, 2017

AMANDA C. TAYLOR
PARALEGAL
Amanda.taylor@buistbyars.com

The Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street, Suite 100
Charleston, SC 29401

    Re:   *Carolina Auto Remarketing Services, LLC v Zurich Insurance Group and Universal Underwriters Insurance Company*
            Case 2017-CP-10-0332
            Our File No.: 1049.0002

Dear Ms. Armstrong:

    Enclosed please find an original and one (1) copy of Civil Action Coversheet, Summons and Complaint in the above-referenced matter along with the filing fee in the amount of $150.00.

    Kindly file the originals and return the file-stamped copies to us in the envelope provided. Should you have any questions, feel free to contact our office at your convenience.

                                        Sincerely,

                                        Amanda C. Taylor
                                        Paralegal to G. Hamlin O'Kelley, III

/act
Enclosures

{00845755.DOC}